## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LINDA FLEMING** and | ) | |
| **STEVE FLEMING,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 21-cv-416 |
| | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

Come now Plaintiffs, LINDA FLEMING and STEVE FLEMING, by and through their attorneys, Weilmuenster Keck & Brown, P.C., and for their Complaint against the Defendant, THE UNITED STATES OF AMERICA states as follows:

1.  That this Court has exclusive jurisdiction over this matter, pursuant to 28 U.S.C. § 1346(b), as this matter involves a claim for money damages against the United States for personal injuries caused by the negligent acts and omissions of government employees while acting within the scope of their employment.

2.  That venue is proper, pursuant to 28 U.S.C. § 1346(b), as Plaintiffs reside within the Southern District of Illinois.

3.  That Plaintiff timely presented their Federal Tort Claim Act claims with the U.S. Department of Veterans Affairs ("VA") between July 29, 2020, and October 8, 2020, and said claims having not been denied or resolved after being presented longer than six (6) months ago but not longer than one (1) year, Plaintiffs have satisfied the administrative prerequisites to filing this action.

4.      That the VA St. Louis Health Care system ("St. Louis VA") operates multiple divisions, including the John Cochran VA Hospital and the Jefferson Barracks division, located in Missouri owned and/or operated by Defendant, THE UNITED STATES OF AMERICA as part of the Veterans Health Administration ("VHA").

5.      That at all times relevant to this cause of action Defendant, THE UNITED STATES OF AMERICA, employed various physicians and physician extenders to provide medical care and treatment to its patients, including general, pulmonary, thoracic, and oncological medical care.

6.      That from at least 2016 and continuing through 2020, Plaintiff LINDA FLEMING was a patient of the St. Louis VA for primary or general medical conditions, including the condition of her pulmonary system.

7.      That in August, 2016, Plaintiff LINDA FLEMING underwent a lung CT in the St. Louis VA which revealed "ground glass" and indicated a six-month follow-up.

8.      That between August 2016, and May, 2019, Plaintiff LINDA FLEMING did not receive a follow-up scan or study of her lungs within the St. Louis VA.

9.      That on June 20, 2019, Plaintiff LINDA FLEMING underwent a CT arthrogram which revealed an upper left lobe nodule.

10.     That on July 26, 2019, Plaintiff LINDA FLEMING was diagnosed with Stage 1A (T1bN0M0) adenocarcinoma non-small cell lung cancer by physicians affiliated with the St. Louis VA.

11.     That in August, 2019, physicians affiliated with the St. Louis VA concluded that Plaintiff LINDA FLEMING's cancer was "curable" through surgical resection.

12.     That at no time between July and October did Plaintiff LINDA FLEMING receive any treatment to resect, address, control, or treat her cancer.

13.     That on or about October 10, 2020, Plaintiff LINDA FLEMING underwent a PET scan which indicated "disseminated disease" involving both lungs.

14.     That following the second PET scan, physicians affiliated with the St. Louis VA concluded that "systemic therapy" was "now most appropriate to treat the disease."

15.     That on or about January 22, 2020, Plaintiff LINDA FLEMING underwent a PET scan and was diagnosed with metastatic non-small cell lung cancer.

16.     That following the third PET scan, Plaintiff LINDA FLEMING was advised to undergo "palliative combined modality therapy."

17.     That on or about February 27, 2020, Plaintiff LINDA FLEMING began chemotherapy treatment at Barnes-Jewish Hospital.

18.     That at no time between her diagnosis in July, 2019, and February, 2020, did Plaintiff LINDA FLEMING receive any treatment to address, control, or treat her cancer.

## COUNT I
*Linda Fleming v. USA*

19.     That Plaintiff LINDA FLEMING incorporates by reference paragraphs 1 to 19 as if fully set forth herein.

20.     That at all times mentioned herein, it was the duty of Defendant, by and through its agents, servants and/or employees, to act as a reasonably well-qualified provider of medical care in the care and treatment of Plaintiff.

21.     That notwithstanding this duty, and in breach thereof, Defendant, THE UNITED STATES OF AMERICA deviated from the standard of care required of it through a continuous course of negligent treatment, including one or more of the following deviations:

        a.  Failed to provide timely and proper follow-up for Plaintiff LINDA FLEMING's pulmonary condition at any time between 2017 and 2019;

    b.  Failed to timely and properly evaluate, diagnose, address, treat, or control Plaintiff's cancer; and/or

    c.  Failed to act as a reasonably careful provider of care to Plaintiff LINDA FLEMING under the circumstances.

22.    That as a direct and proximate result of one or more the aforesaid acts or omissions of negligence on the part of Defendant, THE UNITED STATES OF AMERICA, Plaintiff LINDA FLEMING's lung condition and cancer went undiscovered and untreated which allowed Plaintiff LINDA FLEMING's condition to progress to advanced lung cancer, and as a direct and proximate result, Plaintiff LINDA FLEMING has suffered severe and permanent injuries and he has incurred and will continue to incur in the future, the following damages:

    a.  Pain and suffering, both physical and mental;

    b.  Mental anguish;

    c.  Disability and/or loss of a normal life;

    d.  Disfigurement;

    e.  Diminished life expectancy and loss of chance of survival and/or better outcome;

    f.  Medical and other healthcare related expenses;

    g.  Lost income; and

    h.  Emotional distress.

WHEREFORE, the Plaintiff LINDA FLEMING prays judgment against the Defendant, THE UNITED STATES OF AMERICA, in an amount reasonable and equitable in excess of $75,000.00, plus costs and expenses of the action, and any other relief deemed necessary and proper by the court.

## COUNT II
*Steve Fleming v. USA*

23.    That Plaintiff Linda Fleming incorporates by reference paragraphs 1 to 23 as if fully set forth herein.

24.    That at all relevant times herein, Plaintiff STEVE FLEMING was a resident of Randolph County, Illinois, within the Southern District of Illinois.

8.      That at all relevant times herein, Plaintiff STEVEN FLEMING was the spouse of Linda Fleming.

9.      That as a direct and proximate result of the foregoing, Plaintiff has and will continue to be deprived of his spouse's service, affection, society, guidance, companionship, felicity and sexual relations.

WHEREFORE, the Plaintiff STEVE FLEMING prays judgement against Defendant, THE UNITED STATES OF AMERICA, in a sum reasonable and equitable and in excess of Seventy-five Thousand Dollars and 00/100 ($75,000.00), plus cost of suit and for any other and further relief this Court deems just and proper under the circumstances.

Respectfully Submitted,

WEILMUENSTE, KECK & BROWN, P.C.

By: /s/ Nathaniel O. Brown _____
            Nathaniel O. Brown
            IL No.: 6302492

Attorneys for Plaintiff
3201 West Main Street
Belleville, IL 62226
Phone: 618-257-2222
Fax: 618-257-2030
nob@weilmuensterlaw.com